## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**YAMILCA ANDINO-APONTE**
Defendant.

CRIMINAL NO. 26-076 - +(gmm)



RECEIVED & FILED
CLERK'S OFFICE
FEB 27 2026
2:30pa
US DISTRICT COURT
SAN JUAN, PR

### PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Yamilca Andino-Aponte, and Defendant's counsel, Laura Soto, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

**Count One:    Theft or Receipt of Stolen Mail Matter (Title 18, United States Code, Section 1708)**

From on or about July 22, 2021, through on or about August 24, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court, YAMILCA ANDINO-APONTE, the defendant herein, did steal, take, and abstract from and out of any mail, post office, and station thereof and any mail route and other authorized depository for mail matter numerous letters, packages, and mail, and did abstract, remove and embezzle from any such letter, package, and mail, any article and thing contained

therein. All in violation of Title 18, United States Code, Section 1708.

## 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of not more than (5) years pursuant to 18 U.S.C. § 1708; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute

U.S. v. Yamilka Andinto-Aponte

and make available, prior to sentencing, a standardized financial statement (OBD Form 500). Defendant agrees to pay a restitution of $27,826.02.

The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

The defendant agrees not to sell, transfer, loan, assign, dispose, remove, conceal, waste, encumber, destroy, or otherwise devalue any property or asset worth more than $5,000 before sentencing and before satisfaction of any fine or restitution imposed, without the prior written approval of the United States. The defendant agrees to notify the United States in writing of any interest in any property or asset which is valued at more than $5,000 that the defendant may obtain, directly or indirectly, after execution of the Plea Agreement until the fine or restitution is paid in full. The defendant understands and agrees that defendant's failure to comply with this provision of the Plea Agreement shall be considered a material breach of the Plea Agreement.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

U.S. v. Yamilka Andinto-Aponte

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 1708 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(2) | 6 |
| Loss in excess of $15,000, U.S.S.G. § 2B1.1(b)(1)(C) | +4 |
| Involved 10 or more victims, U.S.S.G §2B1.1(b)(2)(A) | +2 |
| Abuse of position of trust, U.S.S.G. § 3B1.3 | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1(a) | -2 |
| Adjustment for Zero-Point offender USSG § 4C1.1 | -2 |
| Total Adjusted Offense Level | 10 |

| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
|---|---|---|---|---|---|
| 6-12 | 8-14 | 10-16 | 15-21 | 21-27 | 24-30 |

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of one year probation.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Laura Soto, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to

dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver



Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied

admission to the United States in the future.

22. **Felony Conviction** Defendant hereby agrees and recognizes that the plea of guilty in this case will

be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

23. **Forfeiture Provision**



Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable

assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney


Seth A. Erbe
Assistant U.S. Attorney,
Chief, Financial Fraud & Public Corruption Section
Dated: 12/22/25


Tania Y. Salas-De Jesús
Special Assistant U.S. Attorney
Dated: 2/27/2y

Laura Soto, Esq.
Counsel for Defendant
Dated: 2-7-26.


Yamilca Andino-Aponte
Defendant
Dated: 2/6/26

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/27/26

Yamilca Andino-Aponte
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/27/26

Laura Soto
Counsel for Defendant



U.S. v. Yamilka Andinto-Aponte

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Yamilca Andino-Aponte admits that she is guilty as charged in the Information and admits the following:

On July 2, 2021, the defendant, Yamilca Andino-Aponte, was employed as a subcontractor for a Highway Contract Mail Carrier of the United States Postal Services (USPS) for Route HC HC 12 in Humacao, Puerto Rico. Ms. Andino-Aponte misappropriated multiple mail items and checks that were intended to be conveyed by mail. Using the remote deposit method, she deposited multiple checks in the Capital One bank account ending in XXXX1802 and XXXX7912, belonging to her son.

Additionally, she deposited through the ATM deposit machine a check for $735.00 from Vilar Trucking in the Banco Popular account number ending in XXXX3535 belonging to her grandmother, an 84-year-old woman whose bank account is managed by Andino-Aponte. The total amount of funds misappropriated by Yamilca Andino-Aponte is estimated to be $27,826.02.

Thirty-eight victims suffered pecuniary losses from this offense and forty-four checks were involved. These victims were: R.C.C.; A.L.R.; L.R.M; R.G.C.; N.A.C.; Los Carlines (Charlie Towing Services); M.G.V.; J.D.Q.; S.R.B.; J.C.R.; Larsen Products; H.C.M.; H.S.C.; M.R.C.; L.C.O.; A.P.V.; E.T.M.; A.S.D. & I.O.C.; V.L.D.; E.D.C.; T.C.D.; A.R.T. & C.C.R.; E.D.S.; M.R.G.; E.G.C.; U.S. Postal Service; M.D.Q. & I.R.M.; D.C.S.; D.E.G.; J.S.C.; M.C.S.; B.R.O.; B.L.A.; K.M.O.; R.W.A.; Z.A.R.; B.M.R. and N.J.O.

U.S. v. Yamilka Andinto-Aponte

The disclosed amount in the chart below1  is the amount lost for each victim:



| Victims | Date | Amount |
|---|---|---|
| 1.   R.C.C. | July 2, 2021 | $1,400.00 |
| R.C.C. | July 2, 2021 | $600.00 |
| 2.   A.L.R. | July 9, 2021 | $200.00 |
| 3.   L.R.M. | July 9, 2023 | $200.00 |
| 4.   R.G.C. | July 14, 2021 | $1,400.00 |
| 5.   N.A.C. | July 27, 2021 | $200.00 |
| 6.   Los Carlines (Charlie Towing Services) | July 31, 2021 | $450.00 |
| 7.   M.G.V. | September 11, 2021 | $400.00 |
| 8.   J.D.Q. | September 13, 2021 | $400.00 |
| 9.   S.R.B. | September 13, 2021 | $400.00 |
| 10. J.C.R. | September 15, 2021 | $400.00 |
| 11. Larsen Products | September 16, 2021 | $173.54 |
| 12.   H.C.M. | September 18, 2021 | $800.00 |
| 13. H.S.C. | September 18, 2021 | $400.00 |
| 14. M.R.C. | September 20, 2021 | $400.00 |
| 15. L.C.O. | September 20, 2021 | $400.00 |
| 16. A.P.V. | October 8, 2021 | $103.00 |
| 17. E.T.M. | October 8, 2021 | $596.30 |
| 18. A.S.D. & I.O.C. | October 15, 2021 | $353.00 |
| 19. V.L.D. | October 16, 2021 | $800.00 |
| 20. E.D.C. | October 19, 2021 | $400.00 |
| 21. T.C.D. | October 23, 2021 | $1065.00 |
| 22. A.R.T. & C.C.R. | October 28, 2021 | $800.00 |
| Charlie Towing Services | November 29, 2021 | $275.00 |
| 23. E.D.S. | November 29, 2021 | $25.00 |
| 24. M.R.G. | November 30, 2021 | $433.00 |
| 25.   E.G.C. | December 2, 2021 | $92.00 |
| 26. U.S. Postal Service | December 4, 2021 | $51.60 |
| 27. M.D.Q. & I.R.M. | December 9, 2021 | $783.55 |
| 28. D.C.S. | December 9, 2021 | $94.00 |
| 29. D.E.G. | December 11, 2021 | $375.00 |
| 30. J.S.C. | December 14, 2021 | $60.00 |
| Charlie Towing Services | April 4, 2022 | $7,200.00 |
| 31. M.C.S. | December 22, 2021 | $90.00 |
| 32. B.R.O. | December 22, 2021 | $144.00 |
| 33. B.L.A. | February 11, 2022 | $135.00 |
| Charlie Towing Services | February 11, 2022 | $2,687.50 |
| Charlie Towing Services | February 25, 2022 | $427.50 |
| 34. K.M.O. | February 25, 2022 | $45.00 |
| 35. R.W.A. | March 11, 2022 | $133.20 |

---

1  Charlie Towing Service Company was a victim in six occasions with different checks. R.C.S. and E.D.S. were victims twice, with different checks.

U.S. v. Yamilka Andinto-Aponte

| E.D.S. | March 11, 2022 | $208.26 |
|---|---|---|
| 36. Z.A.R. | March 11, 2022 | $307.50 |
| 37. B.M.R. | April 13, 2022 | $60.00 |
| Charlie Towing Services | April 13, 2022 | $1,620.00 |
| 38. N.J.O. | April 13, 2022 | $238.07 |



Some of the checks misappropriated by Andino-Aponte were issued by various entities, including the Social Security Administration, Puerto Rico Treasury Department, Sistema Universitario Ana G. Mendez, MAPFRE Ins. Co., Humana Health Insurance, Triple S Insurance, Oriental Bank, Distribuidora Vazquez, Ismael Davila Trucking, and other individuals.

For the purposes of this plea, Yamilca Andino-Aponte admits that she was a U.S. Postal Service Highway Carrier subcontractor from July 1, 2021, until August 24, 2022. In this capacity, she lawfully came into possession of multiple mailing envelopes containing checks that were intended to be conveyed by mail. She further admits that she stole the contents of the envelopes, namely the checks.

If this case had proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt that the defendant was guilty. At trial, the United States would have proven beyond a reasonable doubt that the defendant, Yamilca Andino-Aponte, is guilty as charged in Count One of the Information.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and

documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

_____
Tania Y. Salas-De Jesús
Special Assistant U.S. Attorney
Dated: 2/27/26

_____
Laura Soto, Esq.
Counsel for Defendant
Dated: 2/27/26.

_____
Yamilca Andino-Aponte
Defendant
Dated: 2/27/26